12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger W. KNIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35604.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight, a noncustodial parent required to pay child support pursuant to administrative and court orders issued in the State of Washington, appeals pro se the district court's summary judgment in favor of the United States in his action seeking declaratory and injunctive relief prohibiting the United States from enforcing the Child Support Recovery Act of 1992 ("the Act"), 18 U.S.C. Sec. 228. The United States contends that the district court erred in assuming jurisdiction over this action because Knight lacks standing to challenge the Act. We review de novo the district court's determination that a party has standing, Polykoff v. Collins, 816 F.2d 1326, 1331 (9th Cir.1987), and we vacate the summary judgment and remand with instructions to dismiss this action for lack of standing.
 
 
 3
 The party seeking to invoke federal jurisdiction bears the burden of alleging facts sufficient to establish standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Standing cannot be inferred from averments in the pleadings. Id.
 
 
 4
 The "irreducible constitutional minimum of standing contains three elements:" (1) injury in fact; (2) causation; and (3) redressability. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). In order to satisfy the first element, a plaintiff challenging the constitutionality of a criminal statute need not expose himself to arrest and prosecution but must allege an intent to violate the law and demonstrate that there exists a credible threat of prosecution. Babbitt v. United Farm Workers Nat's Union, 442 U.S. 289, 298 (1979).
 
 
 5
 The Act imposes criminal penalties on noncustodial parents who willfully fail to pay past due child support obligations with respect to a child who resides in another state. See 18 U.S.C. Sec. 228. Knight has never been prosecuted under the Act. Because Knight and his children all reside in the State of Washington, he does not face a threat of prosecution under the Act. Knight does not allege in his complaint that he intends to engage in conduct proscribed by the Act. Accordingly, Knight lacks standing to challenge the constitutionality of the Act. We vacate the district court's judgment and remand with instructions to dismiss this action for lack of standing. See FW/PBS, Inc., 493 U.S. at 235.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Knight's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3